IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| URSULA KNIGHT,           ) | |
|     Plaintiff,              ) | |
|                               ) | |
| v.                           ) | |
|                               ) | Civil Action No. 12-00463-KD-M |
| DESCHER ORGANIZATION,        ) | |
| a/k/a MCDONALD'S,            ) | |
|     Defendant.              ) | |

**ORDER**

    This matter is before the Court on Plaintiff's "Application for Entry of Default." (Doc. 4). Plaintiff requests that the Clerk of Court enter a Rule 55 default against Defendant Descher Organization. As support, Plaintiff asserts that Complaint was filed on July 18, 2012 (Doc. 1), Defendant Descher Organization was served on August 27, 2012 such that its answer was due by September 17, 2012, and yet to date, said defendant has failed to plead or otherwise defend. (Doc. 4-1 (Aff. Williams)).

    "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. FED.R.CIV.P. 55(a). A defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." Id. Rule 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered . . . the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).

    A review of the record reveals no evidence that Defendant Descher Organization has

1

been effectively served with the Summons and Complaint.  Rather, the record reveals that Plaintiff attempted service upon Defendant Descher Organization via certified mail to Descher Organization, 6250 Sunplex Drive, Ocean Springs, MS, 39524 (of the Summons and Complaint), but that Donna Seymour signed the domestic certified mail return receipt.  (Doc. 3 at 2).  There is no information as to who Donna Seymour is, much less whether she is the Agent for Service of Process for the Defendant, and Plaintiff does not allege as such.  Moreover, Plaintiff's Application for Entry of Default simply asserts that Defendant "was served" and mentions nothing about Donna Seymour being the defendant's "Agent" or that the "signatory is, or even probably is, the defendant's 'agent' as defined in Rule 4(i)(2)(C)."  U.S. Bank Nat. Ass'n v. Turquoise Properties Gulf, Inc., 2010 WL 3155495, *2 (S.D. Ala. Aug. 5, 2010).  As explained by this Court:

> Service of process on an individual within the United States is governed by Rule 4(e). Service of the summons and complaint must be made by "deliver[y]" to the defendant "personally," or by "deliver[y]" to an agent authorized by appointment or by law to receive service of process, or "by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there." Fed.R.Civ.P. 4(e)(2). As noted, delivery connotes personal service, and since certified mail is not delivered to a person's home but is picked up at the post office, it does not appear that one may "leav[e] copies" within the contemplation of this rule by using certified mail. Accordingly, service on the individuals was not successful under Rule 4(e)(2).
>
> Rule 4(e)(1) allows for service of process in accordance with Alabama law. The Alabama rule is substantively the same as the federal rule. *Compare* Fed.R.Civ.P. 4(e)(2) *with* Ala. R. Civ. P. 4(c)(1). Alabama, however, allows service on an individual by certified mail. *Id*. Rule 4(i)(2). "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Rule 4(c)(2)(C).
>
> The majority of receipts as to individual purchaser defendants reflect that **someone other than the defendant signed for the certified mail. [ ] As to these defendants, service is good only if the signatory constitutes the defendant's**

2

**"agent," that is, "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."** Ala. R. Civ. P. 4(i)(2)(C). Some of the **signatories** share the same last name as the defendant, but others **bear no obvious connection to the defendant. In neither case has the plaintiff attempted to show that the signatory is, or even probably is, the defendant's "agent" as defined in Rule 4(i)(2)(C).**

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion, is denied . . . .

Turquoise Properties, 2010 WL 3155495, *2 (emphasis added).

Accordingly, because Plaintiff has failed to provide any information regarding the relationship of the signatory on the domestic certified mail return receipt (Doc. 3 at 2) to Defendant Descher Organization, Plaintiff's Application for Entry of Default (Doc. 4) is **DENIED** at this time.

**DONE** and **ORDERED** this the **26**th day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

3